# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**EDWIN DEAN WIGGINS,**

      Petitioner,

vs.                                                           Civ. No. 98-663 BB/LCS

**DONALD DORSEY, Warden,**

      Respondent.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Respondent's Motion to Dismiss, filed on October 19, 1998. The Court, having considered the pleadings, the briefs and the applicable law, proposes finding that the Motion is well-taken and recommends that it be granted.

### Background

Pursuant to a plea agreement, Petitioner Wiggins pled guilty to Residential Burglary, Larceny, and Attempted Residential Burglary on August 31, 1992. On September 25, 1992, he was sentenced to 3 years' imprisonment on the first charge and 18 months on the second and third charges, the terms to run concurrently. Wiggins was also sentenced to 8 years as an habitual offender pursuant to N.M. Stat. Ann. Sec. 31-18- 17 (1978). The Court then suspended 3 years of the 11 year total and required that Wiggins serve 2 years on parole and 3 years unsupervised probation.

    Wiggins was released on April 8, 1997, but his probation was revoked on October 7, 1997 and he was ordered to serve the 3 year suspended sentence. He contends that the original sentence was in violation of his plea agreement because he understood that he faced a maximum of 10 years incarceration under the agreement. He also claims that his time credit was

inaccurately computed, both during his initial and during his subsequent confinement. Wiggins filed grievances, motions to amend sentence, appeals, and petitions for *certiorari* and *habeas corpus* in the State system; he filed his federal petition on June 2, 1998. The Respondent contended in his Answer that Wiggins' claims should be dismissed because they were time-barred, and they raised only state-law issues. The Court interpreted these contentions as a Motion to Dismiss and set the Motion for briefing, which has been completed.

**Proposed Findings**

The Antiterrorism and Effective Death Penalty Act of 1996 established a one year statute of limitations for filing federal *habeas corpus* petitions. Under 28 U.S.C. Sec. 2244(d)(1), the one year period begins to run from the latest of the following dates:

    (A) the date on which the judgment became final, either by the conclusion of direct review or by the expiration of time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by teh Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the present case, Wiggins raises seven claims. His first, second, sixth and seventh claims arise from his September 1992 sentencing. He asserts no impediments to filing his claims, no recent Supreme Court recognition of his rights and no delay in discovering the facts relevant to his claims. Thus, the latest of the four dates is the expiration of the time for seeking direct review of those claims he did not raise, which was October 25, 1992, and the conclusion of direct review of those claims he did raise, which was September 1, 1994. Both of these dates are well before April 24, 1996, the effective date of the Act. Under *Hoggro v. Boone,* 150 F.3d 1223, 1226

(10th Cir. 1998), Petitioners whose state judgments became final before April 26, 1996, (the effective date of the Act) have an additional an additional year from that date in which to file their *habeas corpus* petitions. However, the present Petition was not filed until June 2, 1998, more than 13 months after the deadline. Accordingly, I propose finding that Wiggins' first, second, sixth and seventh claims are time-barred.

Wiggins' third, fourth and fifth claims concern alleged errors in the computation of good-time credits; however, they do not allege any violations of federal constitutional rights. The mere alleged miscalculation of good-time credits provided by state law is a state law issue, not cognizable under federal *habeas corpus. Burns v. Crouse,* 339 F.2d 883, 884 (10th Cir. 1964) *(per curiam), cert. denied,* 380 U.S. 925 (1965); *accord, Bird v. Summit Cty., Ohio,* 730 F.2d 442, 444 (6th Cir. 1984) *(per curiam).* I therefore propose finding that the Court does not have jurisdiction over these claims.

**Recommended Disposition**

Because I propose finding that Wiggins first, second, sixth and seventh claims are time-barred, and his third, fourth and fifth claims are not within the Court's jurisdiction, I recommend that his Petition be dismissed with prejudice. Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1)(C), file written objections to them. A party must file any objections within the ten day period allowed if that party desire                                      d findings and recommended disposition; if no objections are filed, no review will be undertaken.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE